UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SUNDAY HINTON,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA,

    Defendant.

Civil Action No. 21-1295 (JDB)

**ORDER**

This case arises out of the District of Columbia's (the "District") policy on housing transgender individuals in the custody of its Department of Corrections ("DOC"). Plaintiff Sunday Hinton was detained in the men's unit of a DOC facility notwithstanding the fact that she is transgender and purportedly informed DOC of her gender identity and requested to be transferred to a women's unit. Compl. [ECF No. 1] ¶ 5. She filed a complaint "on behalf of herself and a class of similarly situated transgender individuals" who are either currently housed in DOC facilities inconsistent with their gender identity, "or who will be detained in a DOC facility in the future." Id. at 1. Hinton's complaint alleged that DOC policy housed transgender individuals in either a men's or women's housing unit based presumptively on their anatomy rather than their gender identity. Id. ¶ 1. Her complaint further alleged that this "policy of considering anatomy as either the default or the exclusive criterion in housing assignments for transgender people" constitutes discrimination on the basis of sex and gender identity in violation of the Equal Protection Clause and the D.C. Human Rights Act. Id. ¶¶ 47, 52. And, among other requested relief, she seeks an order from this Court certifying her proposed class, requiring every transgender individual to be housed in an intake unit consistent with their gender identity, and providing all

1

transgender individuals in DOC custody a hearing within 72 hours to ensure that they are housed consistent with their gender identity. See id. at 13.

Since Hinton's complaint was filed, a number of factual developments have changed the context surrounding this case. First, on May 26, 2021—exactly one month after she was detained—Hinton was released from custody on order of the Superior Court of the District of Columbia. See Notice (May 27, 2021) [ECF No. 18]. The Court permitted Hinton to file a supplement to her initial motion in light of her release from custody, Min. Order (May 17, 2021), which she did on June 1. See Pl.'s Supp. Mem. in Supp. of Prelim. Inj. & Class Cert. [ECF No. 19]. Then, on June 17, 2021, the facts changed again when the District amended the challenged policy. According to the District, "[t]he newly enacted policy requires that transgender inmates be assigned housing based on their stated preference unless . . . there are safety or security concerns sufficient to override that preference." See Def.'s Opp'n to Pl.'s Mot. for Prelim. Inj. ("Def.'s Opp'n to PI") [ECF No. 22] at 2. The parties then discussed the new policy and plaintiff's concerns therewith but were ultimately unable to reach an agreement. See Pl.'s Consent Mot. for Extension of Time (June 22, 2021) [ECF No. 24]; Pl.'s Consent Mot. for Extension of Time (July 2, 2021) [ECF No. 25].

Eventually, on July 16, Hinton filed her reply brief. See Pl.'s Reply in Supp. of Mots. For Class Cert. & Prelim. Inj. ("Pl.'s Reply") [ECF No. 26]. In her reply, Hinton takes issue with the new policy inasmuch as it requires transgender inmates to remain in protective custody in the intake unit consistent with their gender preference while a final housing determination is reached with the input of the PREA Victim Services Coordinator and Transgender Housing Committee ("THC") within approximately four calendar days—excluding weekends, holidays, and emergencies—of intake. See id. at 1–2; Def.'s Opp'n Ex. B, Policy & Procedure 4020.3H: Gender

Classification & Housing [ECF No. 22-2] § 10.  In support of her reply brief, Hinton attached three new declarations purporting to supplement the factual record in the case.  She did not, however, seek leave of the court to file the supplemental affidavits as is required under Local Rule 65.1(c).  See LCvR 65.1(c) ("The application [for preliminary injunction] shall be supported by all affidavits on which the plaintiff intends to rely. . . . Supplemental affidavits . . . may be filed only with permission of the Court.").

Because Hinton expanded the factual record, the Court offered the District the opportunity to file a surreply.  The District likewise attached an additional affidavit to its brief.  See Def.'s Surreply in Further Opp'n to Pl.'s Mots. for Prelim. Inj. & Class Cert. [ECF No. 27].  Among other arguments, the District's surreply asserts that Hinton's challenges leveled against the new policy do not correspond to her complaint, which was filed against the now-defunct policy.  See id. at 2–4.  Without addressing the merits of the District's argument, the Court acknowledges that the factual context surrounding this case has evolved substantially since the original complaint was filed.  Because the Federal Rules of Civil Procedure instruct courts to "freely give leave" to amend pleadings "when justice so requires," the Court will give Hinton the opportunity to amend her complaint now.  See Fed. R. Civ. P. 15(a)(2).

Hinton also requests leave to file yet another supplemental affidavit to "provide[] evidence that individuals in protective custody during intake are placed in shackles whenever they leave the intake unit."  See Pl.'s Mot. to File Supp. Decl. in Supp. of Mots. for Class Cert. & Prelim. Inj. ("Pl.'s Mot. for Supp. Decl.") [ECF No. 28].  Again, plaintiff does not acknowledge the limitations of Local Rule 65.1.  Nonetheless, the Court will grant the requested leave to file, but not for the mere reason that the District was permitted to file a surreply.  As noted above, that permission was granted because of plaintiff's expansion of the factual record.  At this point the requirements of

Local Rule 65.1(c) have been ignored, and the Court expects that no further factual evidence will be submitted in connection with the pending motions absent direction from or leave of Court.

For the foregoing reasons, upon consideration of [28] plaintiff's motion for leave to file a supplemental declaration, and the entire record herein, it is hereby

**ORDERED** that the motion is **GRANTED**; it is further

**ORDERED** that plaintiff shall file any amended complaint by not later than August 10, 2021; and it is further

**ORDERED** that a hearing on plaintiff's pending motions shall be held on August 19, 2021, at 10:30 AM.

**SO ORDERED.**

/s/<br>
JOHN D. BATES<br>
United States District Judge

Dated:  August 3, 2021