UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SUNDAY HINTON, on behalf of herself and
others similarly situated,

                       Plaintiff,

     v.

DISTRICT OF COLUMBIA,

                       Defendant.

Civil Action No. 21-cv-01295

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made and entered into by and between Plaintiff Sunday Hinton and Defendant District of Columbia on this <u>23rd</u> day of <u>March</u> 2022.

### Definitions

The following definitions shall apply in this Settlement Agreement:

▪ "Action" means the lawsuit filed in the United States District Court for the District of Columbia, captioned *Hinton v. District of Columbia*, No. 1:21-cv-01295.

▪ "Agreement" means this Settlement Agreement.

• "DOC" means the District of Columbia Department of Corrections.

▪ "DOC Facilities" means all facilities operated by DOC at which one or more individuals are housed while in the custody of any governmental authority, including the Central Detention Facility and the Correctional Treatment Facility.

▪ "Effective Date" means the date on which both counsel for Plaintiff and counsel for Defendant have received fully-executed copies of this Agreement, as set out below in Part III.

▪ "PREA" means the federal Prison Rape Elimination Act of 2003.

▪ "Parties" refers to the Plaintiff and Defendant collectively.

<b>Terms</b>

In consideration of the mutual promises contained in this Agreement, the Parties agree as follows:

**I.     Policy Changes and Disclosure of Information**

    **A.     Restraints in DOC Facilities**. DOC shall, within 60 days of the Effective Date, alter its Restrictive Housing of Inmates Policy, 5500.2B, to eliminate the use of restraints during the internal movement of all protective custody inmates who are not in any other category of restrictive housing, as defined by that Policy.

    **B.     Transgender Housing Policy**. DOC shall, within 30 days of the Effective Date, alter its Transgender Housing Policy, 4020.3H, to (1) make sure that inmates covered by the policy are promptly housed according to their gender housing preference expressed at intake; and (2) clarify that the PREA evaluation that transgender inmates receive within 24 hours (not including weekends and holidays) is an individualized determination about whether their safety requires them to remain in protective custody; if it does not, they should be returned to the general intake population in either a men's or women's unit according to their expressed gender housing preference. The Parties acknowledge that, pursuant to the terms of the revised policy, the Transgender Housing Committee (THC) and DOC retain the right to make decisions that ensure the safety, security, and order of DOC's facilities and residents. To effectuate the changes in this Agreement:

        1.     Sec. 9(f) ("Transgender, Intersex, or Gender Nonconforming inmate shall be treated as a protective custody inmate for the duration of the intake process.") shall be deleted.

2

2.      Sec. 10(a) shall be revised to read as follows:

Inmates identified as Transgender, Intersex, or Gender Nonconforming shall initially be housed in protective custody (voluntary or involuntary protective custody) in a single cell in the intake housing unit consistent with the inmate's gender housing preference identified at intake. **Within twenty-four (24) hours**, excluding weekends, holidays, and emergencies, the inmate must receive a preliminary assessment by the PREA Victim Services Coordinator, consisting of an individualized initial safety and security assessment related to the gender housing preference of the Transgender, Intersex, or Gender Nonconforming inmate. Unless the inmate requests to remain in protective custody, or the PREA assessment concludes that the inmate cannot be housed in the intake unit of their preference consistent with the inmate's safety or the safety of others, the inmate shall be placed on that unit, and not in protective custody, upon the completion of the PREA assessment. **Within seventy-two (72) hours**, excluding weekends, holidays, and emergencies, after the preliminary assessment by the PREA Victim Services Coordinator, the Transgender Housing Committee shall conduct a formal classification and housing needs assessment for the Transgender, Intersex, or Gender Nonconforming inmate.

3.      New Sec. 10(c) shall be added to read as follows:

A case manager will be designated as "on call via remote assessment" on weekends, after hours, and on holidays, and that case manager will, as soon as practicable, contact Transgender, Intersex, or Gender Nonconforming inmates who enter intake at those times to make sure inmates are housed according to their preference at intake, pursuant to this Policy.

    **C.      Disclosure of Information.** DOC will post its Transgender Housing Policy, as revised pursuant to this Agreement, and any subsequent changes to the policy, on its public website. The revised policy with changes consistent with this Agreement shall be posted on DOC's website within 30 days of the Effective Date.

    On the first day of the month that begins after the policy is posted on DOC's website, and on the first day of each of the next three months thereafter, DOC will send to Plaintiff's counsel Rachel Cicurel, rcicurel@pdsdc.org, by electronic mail, an anonymized list regarding every transgender, intersex, or gender nonconforming inmate who has come into DOC custody during the preceding month, and for each person list:

    i.   Date of arrival;

    ii.   The inmate's preference at arrival for male/female unit;

    iii.   Where the inmate was housed upon arrival, including sex of unit and whether in protective custody;

    iv.   Date and time the inmate saw the PREA coordinator;

    v.   Where the inmate was housed after seeing the PREA coordinator (including sex of unit and whether in protective custody), and when;

    vi.   What housing placement the THC approved for the inmate (including sex of unit and whether in protective custody); and

    vii.   What housing placement the inmate received (including sex of unit and whether in protective custody).

## II.    Release, Non-Admission of Liability, and Non-Assignment

In full and final resolution of the claims as described in the Complaint filed in the Action, and those claims that could or should have been raised arising out of the facts as alleged in the Complaint, Plaintiff agrees that she does forever discharge, waive, hold harmless and release Defendant from any and all actions and demands whatsoever (including all claims for attorney's fees and costs) that she has or may discover, under any theory of liability, arising out of the facts as alleged in the Complaint in the Action. This release includes all injuries and damages resulting from the facts as alleged in the Complaint in the Action, whether now manifested or not, the intention hereof being to release the Defendant completely, finally and absolutely from all liabilities whatsoever arising from the facts as alleged in the Complaint in the Action. This release shall become effective as of the date of dismissal as defined in Part III.

Defendant denies all allegations of wrongdoing and any liability to Plaintiff. The Parties have agreed that, in order to avoid long and costly litigation, this dispute should be settled pursuant to the terms of this Settlement Agreement. This Settlement does not and shall not be deemed to constitute an admission by Defendant as to the validity or accuracy of any of the allegations, assertions, or claims made by Plaintiff. This Settlement does not constitute an admission, adjudication, or finding on the merits of the above-captioned action.

This Agreement shall not be subject to assignment.

## III.   Additional Terms

**A.   Class certification**. Nothing in this Agreement shall be construed as seeking class certification as part of this Agreement, requiring such certification for any of the Agreement's provisions to be effective, or taking any position regarding whether certification would have been warranted had the Action not been settled.

**B.   Notice of settlement**. Within 7 days of the Effective Date, Plaintiff shall file in this Action the notice attached as Exhibit A, as a joint notice on behalf of counsel for both Parties.

**C.   Dismissal**. Plaintiff shall file a Stipulation of Dismissal of this Action with prejudice within 7 days of the date on which counsel for Defendant delivers by electronic mail to counsel for Plaintiff the final, officially issued policies specified in Parts I.A and I.B above.

**D.   Entire agreement**. This Agreement represents the entire agreement and understanding between and among the Parties concerning the matters set forth herein. This Agreement supersedes all prior discussions, negotiations, understandings, and agreements between the Parties relating to the subject matter of this Agreement whether oral or written, all of which are merged herein. This Agreement may not be changed orally and may be amended only by a writing signed by all Parties or by their respective duly authorized representatives.

**E.      Non-severability**. The provisions of this Agreement are not severable. Each provision is of the essence. If any part of this Agreement is found to be invalid or unlawful, the Agreement shall become null and void, and the Parties shall return to the litigation position that existed on the day before this Agreement was executed.

**F.      Authority to execute**. The individuals executing this Agreement on behalf of the Parties represent that they have all requisite authority to execute it.

**G.      Execution**. This Agreement may be executed in counterparts, and by the different Parties hereto in separate counterparts, each of which shall be deemed to be an original, and all of which taken together shall constitute the Agreement, which shall be effective when one or more counterparts has been signed by each of the Parties hereto and delivered to counsel for each of the other Parties hereto. Delivery of a signed counterpart of this Agreement by facsimile or email shall constitute valid and sufficient delivery.

**H.      Representation**. The Plaintiff expressly warrants that she is legally competent to execute this Agreement, that she fully understands its contents and meaning, and she has had the opportunity to consult counsel in connection with this Agreement.

**I.      Construction**. This agreement shall be construed as if all Parties prepared it equally.

**J.      Choice of law**. This Agreement shall be governed by and construed in accordance with the substantive laws of the District of Columbia, without giving effect to the principles of conflict of law. Any litigation arising out of or relating to this Agreement shall be brought in the Superior Court for the District of Columbia or in the United States District Court for the District of Columbia.

**K.**    **Enforcement**. Nothing herein shall be construed to mean that the Parties waive or release their ability to enforce this Agreement. A waiver of any term or condition of this Agreement shall not be deemed to be a waiver of any other term or condition hereof.

### Signatures

IN WITNESS WHEREOF, the Parties duly execute this Settlement Agreement effective as provided above:

ACCEPTED BY:

_____ on _____ MARCH 22 _____, 2022
SUNDAY HINTON, Plaintiff

AND

ACCEPTED ON BEHALF OF DEFENDANT BY:


KARL A. RACINE
Attorney General for the District of Columbia

*Fernando Amarillas* _____ on _____ March 23 , 2022
CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

FERNANDO AMARILLAS
Assistant Deputy Attorney General

ANDREW J. SAINDON
Senior Assistant Attorney General
PAMELA DISNEY
BRENDAN HEATH
Assistant Attorneys General
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001

*Counsel for Defendant District of Columbia*

7

**Exhibit A:**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUNDAY HINTON, on behalf of herself and others similarly situated, | |
| Plaintiff, | Civil Action No. 21-cv-01295 |
| v. | |
| DISTRICT OF COLUMBIA, | |
| Defendant. | |

## JOINT NOTICE OF SETTLEMENT

Plaintiff and Defendant hereby notify the Court that they have reached a settlement in the above-captioned case. Within 7 days of the completion of certain actions agreed to by the Defendant as set forth fully in the agreement, Plaintiff will file a stipulation of dismissal with prejudice.

Dated: _____, 2022                              Respectfully submitted,